The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON CITIES INSURANCE
AUTHORITY,

        Plaintiff,

   v.

IRONSHORE INDEMNITY, INC.,

        Defendant.

No. 2:19-cv-0054-RAJ

**ORDER DENYING MOTION TO COMPEL ARBITRATION AND ESTABLISHING CHOICE OF LAW AND ARBITRATION PROVISIONS AS VOID**

This matter is before the Court on Defendant's motion to compel arbitration (Dkt. # 20) and Plaintiff's motion to establish the choice of law and arbitration provisions as void. (Dkt. # 17). For the following reasons, Defendant's motion to compel is **DENIED**. Dkt # 20. Plaintiff's motion is **GRANTED**. Dkt. # 17.

**I. BACKGROUND**

Plaintiff Washington Cities Insurance Authority ("WCIA"), is "an association of Washington public entities organized under and authorized by RCW § 48.62 for the purpose of jointly self-insuring risks, jointly purchasing insurance or reinsurance, and contracting for joint risk management, claims and administrative services." Dkt. # 1 at ¶ 1.1. WCIA alleges that it entered into a contract with Defendant Ironshore Indemnity

ORDER – 1

("Ironshore"), whereby Ironshore agreed to provide reinsurance up to $10 million "per occurrence" for losses exceeding WCIA's $4 million self-insured layer limit. Dkt. # 1 at ¶ 3.3. The Agreement includes an arbitration provision which states, in part: "Any and all disputes or differences arising out of this Agreement, including its formation and validity, shall be submitted to binding arbitration." Dkt. # 19 at 9. The Agreement also includes a New York choice of law provision. *Id.*

The underlying claim at issue in this case arises from a 2018 settlement related to a separate police misconduct lawsuit. Dkt. # 17 at 3. According to WCIA, the settlement fell within Ironshore's reinsurance policy but Ironshore refused to pay. *Id.* Ironshore's denial of coverage is the basis for Plaintiff's suit. Dkt. # 1. The parties also dispute the applicability of the arbitration and choice of law provisions in the Agreement. WCIA moves to void the provisions as prohibited under Washington law. Dkt. # 17. Ironshore separately moves to compel arbitration. Dkt. # 20.[1]

## II. LEGAL STANDARD

Because the Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits court involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotations omitted). The party opposing arbitration bears the burden of showing that the agreement is not enforceable. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-

---

[1] Ironshore also moves to strike three exhibits that it argues were improperly filed with WCIA's reply brief (Dkt. # 25). Dkt. # 28. Ironshore's motion to strike is GRANTED. *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.,* 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003), *aff'd*, 372 F.3d 1330 (Fed. Cir. 2004) (striking new evidence submitted for the first time with reply brief).

ORDER – 2

92 (2000); *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 483 (1989).

"The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.' " *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). In determining whether an arbitration agreement encompasses the dispute at issue, district courts must be mindful that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L.Ed.2d 648 (1986). Any doubts as to the scope of an arbitration agreement should be resolved in favor of arbitrability. *Simula v. Autoliv*, 175 F.3d 716, 721 (9th Cir. 1999).

### III. DISCUSSION

At issue in this case is Washington's prohibition on the use of arbitration and choice of law provisions in insurance contracts. Washington law bars the enforcement of binding arbitration clauses in insurance contracts. *See State, Dep't of Transp. v. James River Ins*. Co., 176 Wash. 2d 390, 399 (2013) (interpreting RCW 48.18.200(1)(b)). Although the FAA would normally preempt a conflicting state law under the Supremacy Clause, the McCarran-Ferguson Act creates a system of "reverse-preemption" for insurance law. *See United States Dep't of Treasury v. Fabe*, 508 U.S. 491, 501 (1993). Under McCarran-Ferguson, "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). Multiple courts have held, and the parties do not

appear to dispute, that under the McCarran-Ferguson Act, RCW 48.18.200 preempts Chapter I of the FAA. *See James River*, 176 Wash. 2d at 402; *Landmark Am. Ins. Co. v. QBE Ins. Corp.*, No. C15-1444 RSM, 2015 WL 12631550, at *6 (W.D. Wash. Dec. 9, 2015).

WCIA argues that the arbitration and choice of law provisions in the Agreement violate Washington's arbitration exclusion, rendering them void. Ironshore contends that the Agreement is not an "insurance" agreement under RCW § 48.01.040 and thus not subject to the anti-arbitration provision. In addition, Ironshore argues that a separate provision regulating the purchase of coverage by joint self-insurance programs, preempts the anti-arbitration prohibition, rendering the parties' arbitration and choice of law provisions permissible. Dkt. # 20 at 11-12.

There are two key questions that the Court must answer in this case: (1) does "reinsurance" qualify as "insurance" and (2) does the anti-arbitration provision in RCW § 48.18.200 apply to reinsurance agreements where the reinsurance coverage is purchased by a joint self-insurance program. The answer to both questions is yes.

### A. Reinsurance is Insurance under RCW § 48.01.040

Ironshore argues that Washington's arbitration exclusion does not apply to reinsurance contracts because reinsurance is not insurance as defined under Washington law. The Court is unpersuaded. RCW § 48.01.040 defines insurance as "a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies." This is consistent with the Agreement's description of coverage which provides, in relevant part: "The Reinsurer agrees to indemnify the Company, on an excess of loss basis, for Ultimate Net Loss paid by the Company as a result of losses occurring under the Company's Coverage Forms underwritten by the Company and covered by this Agreement." Dkt. # 19 at 7. The Court finds no basis to

support Ironshore's claim that the Agreement does not fall within the RCW § 48.01.040 definition of insurance.[2]

In addition, nothing in the plain text of the statute expressly excludes reinsurance. RCW § 48.18.200 provides, in relevant part:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
>
>> (a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or
>>
>> (b) depriving the courts of this state of the jurisdiction of action against the insurer; . . .
>
> (2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

Instead, the only types of insurance *explicitly* exempted from this chapter are "ocean marine and foreign trade insurances." RCW 48.18.010 ("This chapter applies to insurances other than ocean marine and foreign trade insurance.").

This is particularly relevant because in other chapters the legislature *did* expressly carve out reinsurance. *See, e.g.,* RCW 48.20.002 ("Nothing in this chapter shall apply to or affect . . . any policy or contract of reinsurance"); RCW 48.23.420 ("RCW 48.23.420 through 48.23.520 do not apply to any reinsurance . . ."); RCW 48.19.010 ("Except as is otherwise expressly provided the provisions of this chapter apply to all insurances . . . except . . . Reinsurance . . ."). When interpreting a statutory provision, courts must give effect to the plain meaning of the statute within the context of the act as a whole.

---

[2] Ironshore relies heavily on a non-binding Missouri Court of Appeals decision to support its claim that reinsurance is not insurance under RCW § 48.18.200. See Dkt. # 20 at 15 (citing *Leonberger v. Mo. Unified Sch. Ins. Council*, 501 S.W.3d 1 (2016)). The Court does not find this decision persuasive in light of the plain language of the Washington statute and the parties' Agreement.

ORDER – 5

*Jametsky v. Olsen,* 179 Wash.2d 756, 762 (2014) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wash.2d 1, 11 (2002)). Within this framework, the Court concludes that reinsurance is not excluded under RCW 48.18.200.

### B. **The Agreement's Arbitration and Choice of Law Provisions**

Ironshore next argues that even if RCW 48.18.200 does apply to reinsurance contracts, the parties' Agreement is still explicitly carved out in Chapter 48.62, a separate, more specific, chapter governing the purchase of reinsurance coverage by local government joint insurance programs. Dkt. # 20 at 11-12. RCW 48.62.011 provides, in relevant part:

> This chapter is intended to provide the exclusive source of local government entity authority to individually or jointly self-insure risks, jointly purchase insurance or reinsurance, and to contract for risk management, claims, and administrative services. This chapter shall be liberally construed to grant local government entities maximum flexibility in self-insuring to the extent the self-insurance programs are operated in a safe and sound manner.

Under RCW 48.62.031(4)(d), a joint self-insurance program may also "[j]ointly purchase … reinsurance coverage in such form … as the program's participants agree by contract."

Ironshore interprets these provisions as authorizing the use of arbitration provisions in such agreements. Thus, under RCW 48.01.150, Ironshore contends that these more specific provisions prevail over the arbitration provision in RCW 48.18.200. *See* RCW 48.01.150 ("Provisions of this code relating to a particular kind of insurance or a particular type of insurer or to a particular matter prevail over provisions relating to insurance in general or insurers in general or to such matter in general.").

The Court does not find Ironshore's interpretation of RCW 48.62.031(4) persuasive. A plain reading of the text of the statute suggests that the legislature is authorizing joint self-insurance programs to purchase their own insurance or reinsurance

coverage. The statute does not reference arbitration provisions or authorize the inclusion of arbitration provisions in contracts to purchase coverage subject to this provision. And as discussed above, where the legislature wanted to exclude particular types of insurance, including reinsurance, it did so. *See supra* at 5. The Court cannot read into the statute that which the legislature omitted. *Auto. Drivers & Demonstrators Union Local No. 882 v. Dep't of Ret. Sys.,* 92 Wash. 2d 415, 421 (1979) ("This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or inadvertent omission.").

In sum, there is nothing in the language of the statute or relevant case law to support Ironshore's interpretation. The Court does not interpret the provision granting joint self-insurance programs the authority to purchase insurance or reinsurance coverage to be in conflict with the overarching arbitration exclusion. Accordingly, the arbitration and choice of law provisions in the Agreement are void under RCW 48.18.200.

### IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Ironshore's motion to compel. Dkt # 20. WCIA's motion to establish the choice of law and arbitration provisions as void is **GRANTED**. Dkt. # 17.

DATED this 6th day of March, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge