HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON CITIES INSURANCE
AUTHORITY,

               Plaintiff,

  v.

IRONSHORE INDEMNITY, INC.,

               Defendant.

No. 2:19-cv-00054-RAJ

ORDER

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. # 37. Defendant opposes this motion. Dkt. # 39. For the reasons below, Plaintiff's motion is **GRANTED**.

## II.     BACKGROUND

Plaintiff Washington Cities Insurance Authority ("WCIA" or "Plaintiff") filed suit against its reinsurer, Defendant Ironshore Indemnity, Inc. ("Defendant"), on January 11, 2019. Dkt. # 1. The claim at issue arises from Defendant's denial of coverage for a 2018 settlement related to a separate police misconduct lawsuit, which Plaintiff alleges falls within Defendant's reinsurance policy. Dkt. # 37 at 1-2. In its Complaint, Plaintiff

ORDER – 1

1
2
3
4

asserted a breach of contract claim, requested equitable estoppel to prevent Defendant from asserting policy defenses to coverage, and sought declaratory relief confirming that the arbitration provision, as well as the choice of law and venue provisions in its insurance contract with Defendant were void.  Dkt. # 1 at 9-10.

5
6
7
8
9
10
11
12

Plaintiff filed a motion for summary judgment regarding arbitrability and choice of law on May 23, 2019.  Dkt. # 17.  That same day, Defendant filed a motion to compel arbitration.  On March 6, 2020, the Court denied Defendant's motion to compel arbitration and granted Plaintiff's motion, which held, among other things, that Washington law applied to Plaintiff's claims, as opposed to New York law, as alleged by Defendant.  Dkt. # 32 at 7.  On March 25, 2020, the Court issued an order resetting trial date and related dates, including the deadline to file amended pleadings.  Dkt. # 36.  The new deadline to file amended pleadings was set for May 23, 2020.  *Id.* at 1.

13
14
15
16
17
18
19
20

On May 18, 2020, the parties engaged in a telephone conference in which Plaintiff sought a stipulation for an order to amend its complaint.  Dkt. # 37 at 2.  Specifically, Plaintiff sought to remove its request for declaratory relief, which the Court had granted, and to include two additional claims: (1) bad faith claims handling and (2) violations of the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015.  *Id.* at 4.  Plaintiff had notified Defendant of its IFCA claim on May 6, 2020.  *Id.* at 5.  The parties could not reach an agreement, and, on May 21, Plaintiff filed this motion to amend its complaint.  Dkt. # 37.

21

### III.    LEGAL STANDARD

22
23
24
25
26
27

If the time for amendment as a matter of right has passed, a party may amend its pleading with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  Under Rule 15, the policy favoring amendments should be applied liberally.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad

28

ORDER – 2

1    faith, is futile, or creates undue delay." *Id.*  Between these factors, "the consideration of

2    prejudice to the opposing party [] carries the greatest weight." *Eminence Capital, LLC v.*

3    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In the absence of prejudice or a

4    strong showing of the other factors, "there exists a presumption under Rule 15(a) in favor

5    of granting leave to amend." *Id.*  "Undue delay by itself [] is insufficient to justify

6    denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

7         Once the district court has set a schedule, however, it may be modified only for

8    good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  The "good cause"

9    standard under Rule 16 focuses primarily on the diligence of the party seeking the

10   amendment.  *See Johnson*, 975 F.2d at 608.  A court may find good cause if the pretrial

11   deadline "cannot reasonably be met despite the diligence of the party seeking the

12   extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  If a party

13   seeks to amend a pleading after the deadline for amending pleadings in the scheduling

14   order has passed, the party must first show good cause under Rule 16, and if successful, it

15   must then demonstrate that amendment is proper under rule 15.  *Id.*

### IV.   DISCUSSION

16

17       Defendant argues that Plaintiff's motion for leave to amend its complaint by

18   adding a bad faith claim and an IFCA claim cannot succeed without a showing of good

19   cause pursuant to Rule 16.  Dkt. # 39 at 10.  The Court will consider each additional

20   claim in turn.

21   **A.  Common Law Bad Faith Claim**

22       Plaintiff filed the instant motion for leave to amend its complaint on May 21,

23   2020, two days prior to the deadline for amending pleadings.  Dkt. # 37.  Plaintiff did not

24   move the Court to modify the case schedule.  Defendant does not argue that Plaintiff

25   violated the case schedule by adding the bad faith claim.  Therefore, Plaintiff's motion

26   for leave to amend its complaint to add a bad faith claim is considered under Rule 15.

27

28   ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Defendant argues that Plaintiff's motion is a result of undue delay, which, alone, provides a valid reason for denying leave to amend. The Court disagrees. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself [] is insufficient to justify denying a motion to amend."). Indeed, in *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir.1991)—the case cited by Defendant in support of this proposition—the Ninth Circuit concluded that plaintiff's undue delay to amend until *after* discovery was over and just four and a half months before the trial date would have unreasonably prejudiced the defendant. Here, following the Court's modification of its case schedule, the deadline for the completion of discovery is more than ten months away. The Court finds, therefore, that Defendant will not be prejudiced by the amendment. Further, Defendant does not allege, and the Court does not find any evidence, that Plaintiff's amendment is sought in bad faith or that the amendment is futile. In the absence of these factors, the Court concludes that Plaintiff's motion for leave to amend its complaint should be granted in line with the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

16

**B. Washington Insurance Fair Conduct Act Claim**

17
18
19
20
21
22
23

IFCA permits a party that is unreasonably denied a claim for coverage by an insurer to bring a claim to recover the actual damages sustained. *See* RCW 48.30.015. A party filing an IFCA claim must provide written notice of the basis for the cause of action to the insurer twenty days prior to filing the action. RCW 48.30.015(8)(a). IFCA's pre-suit notice provision has been construed by courts as a mandatory condition precedent to an IFCA lawsuit. *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 840 (W.D. Wash. 2014).

24
25
26
27

Defendant here asserts that Plaintiff failed to provide the requisite 20-day notice prior to moving to add its IFCA claim. Dkt. # 39 at 5. It is undisputed that Plaintiff mailed Defendant notice of its IFCA claim on May 6, 2020. *Id.*; Dkt. # 37 at 5. Defendant claims that, including the three days which the statute allows for mailing,

28

ORDER – 4

1   Plaintiff could not validly amend its Complaint to include the IFCA claim until June 2,

2   2020. *Id.* Because this date fell after the May 23, 2020 deadline for amended pleadings,

3   Defendant argues, Plaintiff violated the case schedule and must establish good cause to

4   amend its complaint.  The Court disagrees.

5          Plaintiff did not file an IFCA claim on May 21, 2020.  On that day, Plaintiff

6   moved the Court *for permission* to file an IFCA claim, but no additional claim had been

7   filed.  Indeed, the Court could not have considered the Plaintiff's motion to amend until

8   June 12, 2020 at the earliest pursuant to LCR 7(d), which would have given Defendant

9   more than 20 days' notice.  The Court therefore finds that Plaintiff provided Defendant

10  with the required 20-day pre-suit notice pursuant to RCW 48.30.015(8)(a) and concludes

11  that Plaintiff's motion for leave to amend was timely filed.  All other factors related to

12  the IFCA claim being the same as the factors related to Plaintiff's bad faith claim,

13  discussed above, the Court **GRANTS** Plaintiff's motion for leave to amend its complaint.

### V.    CONCLUSION

15         For the foregoing reasons, Plaintiff's Motion for Leave to File Amended

16  Complaint is **GRANTED**.  Dkt. # 37.

18         DATED this 12th day of November, 2020.

                                    _____

                                    The Honorable Richard A. Jones
                                    United States District Judge

28  ORDER – 5